UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CHAD A. PITMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 09-383-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES BUREAU OF PRISONS | ) | **MEMORANDUM OPINION** |
| and WARDEN KAREN HOGSTEN, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Chad A. Pitman is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Pitman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition,[1] the Court must deny relief because the presentence credit Pitman seeks is precluded by 18 U.S.C. § 3585.

I.

On June 4, 2003, Pitman was indicted in the Western District of Kentucky on three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On July 13, 2003, Pitman was arrested by state authorities for separate crimes, and on November 7, 2003, he

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once the review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or it may make such other disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

was convicted in the state courts and sentenced to a seven-year term of incarceration. On February 13, 2004, while serving his state sentence, Pitman was borrowed from state custody pursuant to a writ of habeas corpus ad prosequendum, and he remained in nearly continuous federal custody until the date his federal sentence was imposed on March 7, 2006.

On August 3, 2004, Pitman executed a written plea agreement in which he agreed to plead guilty to the charges in the indictment. He also waived his right to appeal or collaterally attack his conviction or sentence. Because Pitman was assisting the United States in other matters, his counsel filed numerous unopposed motions to continue the sentencing. On March 14, 2006, although Pitman was subject to significant sentencing enhancements for being an armed career criminal, the trial court sentenced him to a one hundred and twenty month sentence on each of the three counts, after reducing his offense level by one for acceptance of responsibility and by an additional four levels for assistance to the government. The trial court further directed that each of the three terms "shall be served concurrently with each other, and concurrently with the undischarged term of imprisonment in Warren Circuit Court Case No. 03-CR-176 . . . ."

Notwithstanding his waiver, Pitman appealed his sentence to the Sixth Circuit. On March 8, 2007, the Sixth Circuit affirmed Pitman's sentence. The court enforced Pitman's waiver, and it further stated that he had failed to raise a colorable claim for relief on appeal. *United States v. Pitman*, No. 1:03-cv-22-TBR-1 (W.D. Ky. 2003), *aff'd*, No. 06-5422 (6th Cir. 2006).

On April 12, 2006, Pitman was returned to state custody to serve the remainder of his Kentucky sentence. Pitman concluded service of his state sentence on June 28, 2007, at which time he was returned to federal custody for service of the remainder of his federal sentence.

After his designation to a federal facility on September 12, 2007, Pitman sought a

determination regarding his eligibility for presentence credit. On March 5, 2008, Pitman filed a Request to Staff asking that the time he spent in federal presentence custody, which he asserted ran from November 6, 2003, to March 7, 2006, pursuant to the writ of habeas corpus ad prosequendum, be credited towards service of his federal sentence. In response, BOP staff noted that Pitman was not taken into federal custody pursuant to a writ of habeas corpus ad prosequendum until February 13, 2004. The BOP did award presentence credit against his federal sentence from the date of his arrest by state authorities on July 13, 2003, to the date the state sentenced him on November 7, 2003, pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and Program Statement 5880.28. With respect to time periods after that date when Pitman was in federal custody solely pursuant to the writ, the BOP declined to award presentence credit for such periods, as this time had already been credited against his state sentence, and 18 U.S.C. § 3585(b) therefore precluded it from being counted a second time towards his federal sentence. [R. 2, Exh. A at 6.]

Pitman challenged this determination through the BOP's Inmate Grievance Program, up to and including an appeal to the BOP's Central Office. On August 14, 2008, the Administrator of National Inmate Appeals denied the appeal, stating:

> Records reflect that you were produced in U.S. District Court in Western District of Kentucky on February 13, 2004, on a Writ of Habeas Corpus Ad Prosequendum. At the time of production, you were in the primary custody of the State of Kentucky. Production under a writ does not cause a change in primary custody. You were sentenced on March 7, 2006, to a term of 120 months to run concurrent with your state sentence. You were returned to the State of Kentucky on April 12, 2006, upon satisfaction of the writ.
>
> It should be noted that concurrent situations do not necessarily mean the sentences are coterminous in either commencement or scheduled expiration. ... [Under 18 U.S.C. § 3585(a),] sentences are prohibited from commencing before their imposition. Your federal sentence commenced the day it was imposed, rendering concurrent service. You were in service of your state sentence from November 7,

>2003 through March 6, 2006. 18 U.S.C. § 3585(b) prohibits the award of credit for time spent serving another sentence ...

[R. 2, Exh. A at 2.]

Undeterred, on November 24, 2008, Pitman filed a motion in the trial court to modify his sentence, asserting that the Bureau of Prisons had refused to properly credit the time he spent in federal custody under the writ of habeas corpus ad prosequendum, from November 6, 2003, until the date his federal sentence was imposed on March 7, 2006, against his federal sentence. Following briefing, the trial court agreed with the United States that it lacked jurisdiction to grant Pitman presentence credit, a power vested by statute with the Attorney General. *United States v. Pitman*, No. 1:03-cv-22-TBR-1 (W.D. Ky. 2003) [R. 80 therein].

In his petition, Pitman again seeks presentence credit against his federal sentence from November 6, 2003, to March 7, 2006. [R. 2 at 3.] Pitman asserts that he is entitled to "prior custody credits," and that because the federal trial court ordered his federal sentence to run concurrent with his state sentence, it should commence on the same date. Pitman cites *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), in support of his position. Pitman further asserts a right to relief under U.S.S.G. 5G1.3(c). [R. 2 at 3-4.]

## II.

As a threshold matter, Pitman's petition demonstrates his considerable confusion regarding the time periods when he was actually in federal and state custody. For instance, he alleges that he was arrested on federal charges on July 13, 2003. [R. 2 at 3.] This is plainly not correct, as the record in Pitman's federal criminal proceedings establishes that the United States did not file a motion seeking a writ of habeas corpus ad prosequendum until January 16, 2004. A

magistrate judge granted that request on January 22, 2004, and set the arraignment for February 18, 2004. *United States v. Pitman*, No. 1:03-cv-22-TBR-1 (W.D. Ky. 2003) [R. 3, 4 therein]. The Inmate Charge History provided by Pitman also establishes that he was not taken into federal custody and housed at the Grayson County Detention Center until February 13, 2004. [R. 2, Exh. C at 2.]

Pitman further appears to allege that he was continuously in federal custody from November 6, 2003, to March 7, 2006. The Inmate Charge History indicates, however, that Pitman was released from the Grayson County Detention Center on April 29, 2004, and did not return to federal custody until July 28, 2004. *Id*. The docket sheet in Pitman's criminal proceedings confirms that he was returned to state custody during this three month period. *United States v. Pitman*, No. 1:03-cv-22-TBR-1 (W.D. Ky. 2003) [R. 21 therein].

Further, the legal basis for Pitman's request for additional sentencing "credit" has been ambiguous or inconsistent. In his inmate grievances, Pitman sought "credit for time served" while "out of state custody awaiting federal trail [sic] on a writ," but also noted "[t]he federal judge ran my state and fed time concurrent . . . ." [R. 2, Exh. A at 7.] In its responses, the BOP construed Pitman's grievances as primarily seeking prior custody credit under 18 U.S.C. § 3585(b), but also advised him that the date on which a federal sentence commences is controlled by 18 U.S.C. § 3585(a). [R. 2, Exh. A at 2.] In his petition, Pitman further argues that "under [U.S.S.G. 5G1.3(c)] the honorable court has the authority to adjust the sentence to reflect the actual time served which may not be granted by the Bureau of Prisons." [R. 2 at 4.] As explained in more detail below, Pitman is not entitled to further sentencing "credit" under any of the referenced provisions.

The calculation of a federal prisoner's sentence, including both its commencement date

and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

The Third Circuit recently explained that there are only two permissible methods for a federal prisoner to receive "credit" for time spent in detention before a federal sentence is imposed:

> Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a), which states that a federal prison term may commence only when the defendant is received into custody. Furthermore, the term "credit" can refer to different concepts. The award of "credit" against a sentence, as described under 18 U.S.C. § 3585(b), is within the exclusive authority of the BOP. In contrast, a court has authority, pursuant to Guidelines § 5G 1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court." The Guidelines caution sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit ... any downward departure under application note [3(E) in § 5G1.3] be clearly stated ... as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served."

*United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) (internal citations and quotation marks omitted).

Pitman's first construed argument - that his March 7, 2006, federal sentence "commenced" on November 7, 2003, by virtue of the federal sentencing court's order that it run

concurrently with his pre-existing state sentence - is foreclosed by 18 U.S.C. § 3585(a). The trial court's express statement that the determination of prior custody credits was an administrative matter for the BOP rebuts any contention that it intended such a retroactive commencement. [R. 2, Exh. D at 11 ("It's not my call. The Bureau of Prisons does the calculation. I don't know exactly how they do it.").] Under Section 3585(a), a federal sentence cannot begin to run earlier than the date of its imposition, and a sentencing court is without authority to "backdate" a federal sentence to an earlier date. *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) ("[t]he district judge had no statutory authority to order that the defendant's federal sentence should 'commence' [before the date his sentence was imposed]."); *United States v. Labeille-Soto*, 163 F.3d 93, 98-99 (2d Cir. 1998). Where, as here, the sentencing court directs that the defendant's federal sentence is to run concurrently with the *undischarged* term of a previously-imposed sentence, the federal sentence runs concurrently only with the portion of the state sentence that remains to be served. *Staley v. Patton*, No. 0:07-cv-122-HRW, 2009 WL 256745, at *2-3 (E.D. Ky. Feb. 2, 2009). The BOP therefore correctly concluded that Pitman's sentence commenced on March 7, 2006, with proper *Willis* credits given for non-federal presentence custody.

The BOP likewise correctly denied Pitman credit for presentence custody under 18 U.S.C. § 3585(b). When the Commonwealth of Kentucky arrested Pitman and took him into custody on July 13, 2003, it obtained "primary custody" over him. *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). His transfer to the custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum did not terminate or transfer this primary jurisdiction. *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998). Accordingly, when Pitman was housed in the Grayson County Detention Center as a federal pretrial detainee from February 13, 2004, to April 29, 2004, and from July 28, 2004, through his sentencing on March 7, 2006, he remained in the

primary custody of Kentucky, and Kentucky authorities counted this time as time spent in service of his seven-year sentence. Because Section 3585(b) only permits credit against a federal sentence for time "that has not been credited against another sentence," time already credited towards service of a state sentence may not be "double counted" in credit against a federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Neither *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), nor *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), apply to Pitman's circumstances. In *Barden*, the Third Circuit held that the BOP has the discretion to retroactively designate a state prison as the place of a prisoner's confinement to serve a federal sentence under 18 U.S.C. § 3621(b) in order to give practical effect to a state court's otherwise-unenforceable order that its subsequently-entered criminal judgment should run concurrent with a previously-imposed federal sentence. *Id*. at 478, 481-83. Here, the state court's criminal judgment was entered first rather than second, and nothing prevented the federal court's order that its sentence run concurrently with the prior state court judgment from being fully effective. As explained above, the federal court's sentence was running concurrently with the undischarged portion of Pitman's sentence, a result consistent with the terms of the judgment and commitment order itself and with the statutory requirements of 18 U.S.C. § 3585(a).

In *Kayfez*, the Seventh Circuit held that a prisoner is entitled to credit for nonfederal presentence custody when the concurrently-running nonfederal sentence is vacated which, in turn, causes the full term expiration date of the nonfederal sentence to conclude before, rather than after, the full term expiration date of the federal sentence. *Kayfez*, 993 F.2d at 1290. Because Pitman's Kentucky sentence was never vacated by the state courts, and would have

concluded prior to his federal sentence in any event, *Kayfez* does not apply to his circumstances.

Finally, to the extent Pitman seeks a reduction in his sentence resulting from a downward departure in light of time served under U.S.S.G. 5G1.3(c), this Court lacks the authority to grant it. Such a motion should have been filed in the trial court prior to his sentencing, and the record does not reflect that Pitman ever filed such a request. To the extent Pitman's petition may be read as suggesting that the trial court erred in not granting him such a downward departure *sua* error is apparent from the record here." *United States v. Pitman*, No. 06-5422 (6th Cir. 2006) (slip op. Mar. 8, 2007). Such waivers are enforceable to bar collateral attacks asserted in motions filed pursuant to 28 U.S.C. § 2255, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and in habeas proceedings under 28 U.S.C. § 2241, *Murrah v. Rivera*, No. 08-3712, 2009 WL 252095, at *3 (D.S.C. Feb. 2, 2009). Pitman's claim under the Sentencing Guidelines therefore fails to provide any basis for relief.

### III.

Accordingly, **IT IS ORDERED** that:

1. Pitman's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 30th day of March, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge